DECISION
Plaintiff appeals Defendant's Notice of Refund Denial, dated June 30, 2008, denying the Working Family Credit and Child and Dependent Care Credit claimed for tax year 2007. A trial was held in the Oregon Tax Courtroom, Salem, Oregon. Plaintiff appeared on his own behalf. Marvin Rosette, Plaintiff's grandfather, testified. Jared Houser (Houser), Tax Auditor, appeared on behalf of Defendant.
 I. STATEMENT OF FACTS
Plaintiff, a single father who has full custody of his two young sons, testified that, during 2007, he paid cash to Susanne l. Pounds (Pounds), who was registered and certified by the Oregon Department of Human Services to provide care for his sons while he was employed. Plaintiff submitted copies of nonconsecutive receipts that were signed by Pounds. The receipts dated February 23, 2007, March 23, 2007, April 23, 2007, May 18, 2007, June 15, 2007, July 13, 2007, and August 10, 2007, listed an account amount that matched the payment amount. (Def's Ex A-2, A-3, A-4.) The receipt for April 20, 2007, listed an account amount of $450 and a payment amount of $200. The balance ($250) of the account amount was shown on both the account and payment lines on the April 23, 2007, dated receipt. (Def's Ex A-3.) *Page 2 
Plaintiff testified that, in mid-September, 2007, his employment terminated. He testified that he ended his day care arrangement with Pounds and over the next few months paid her the following amounts in cash to settle his outstanding liability:
TBTABLE October 15, 2007 $150 ("Sept. 10 to Oct. 4/$15.00 Balance from Previous 4 weeks August 8.07") November 7, 2007 $30 ("Sept. 10 to Oct. 4") Undated receipt $40 ("balance Sept. 10. to Oct-04-07") TB/TABLE
(Def's Ex A-1.) Plaintiff submitted receipts for two amounts paid in 2008. Relying on the receipts and including amounts paid in 2008, Plaintiff testified that the total amount of child care expenses paid for 2007 was $3,730.
Plaintiff submitted a document entitled "Rosette, Stephen — 2007 Budget," which he testified was prepared by an H R Block employee. (Ptf's Ex 2-1.) Referencing Exhibit 2-1, Plaintiff testified that his 2007 expendable income was $7,482 before paying child care expenses. He concluded that he had sufficient available cash to pay the claimed child care expenses. Plaintiff stated that he did not have a bank account, because he was concerned he would "get himself into trouble," by writing checks when he did not have available funds. Plaintiff testified that he was raised to believe that "cash is king." He testified that he paid his utilities and lease payment with money orders. On one occasion, Plaintiff paid his child care provider using a money order; the receipt dated October 15, 2007, noted "money orders" above "cash." (Def's Ex A-2.)
Defendant challenged Plaintiff's substantiation of the claimed child care expenses. Houser testified and wrote that he found the receipts "confusing to read" and Plaintiff's delay in submitting the receipts to Defendant "casts some doubt on the contemporaneous nature of the plaintiff's receipts and, by consequence, their credibility." (Def's Evidence at 2.) Houser's challenge of the receipts' accuracy is furthered by Pounds' two signed and notarized statements, *Page 3 
each stating that Plaintiff paid her for child care services in amounts different from that claimed by Plaintiff. (Def's Exs A-8, A-9.) According to Plaintiff, Pounds did not file a 2007 state income tax return, preventing Defendant from independently verifying that Plaintiff paid Pounds to care for his children. Houser testified that during a telephone conversation, Pounds told him that she did not keep a log for Plaintiff's children because she charged Plaintiff a "flat monthly rate." Pounds did not testify at the trial. Houser questioned Plaintiff about the "flat monthly rate" because three receipts listed an amount of $560 and another two listed an amount of $480. (Def's Ex A-2, A-3.) In addition, the first receipt was for $335 and the March/April receipt was for $450. (Def's Ex A-3, A-4.) When asked about the February 2007, payment amount of $335, Plaintiff responded that the first three weeks of his employment he was in training and his sons were not in the care of Pounds for as many hours as they were after he was working full time.
Plaintiff admitted that he did not "keep the best records." He testified that he is not "taking advantage" of the system. Plaintiff's grandfather, Marvin Rosette, testified that Plaintiff has "grown a lot" and he is "a good dad." Plaintiff testified that he "knew that he paid" Pounds and that a person is "only as good as his word." When asked, Defendant testified that he believes Plaintiff paid "something" for the care of his children. However, his efforts to "verify the plaintiff's claimed childcare payments have resulted in several pieces of contradictory information as well as multiple statements from both the plaintiff and his childcare provider that were made and later recanted." (Def's Evidence at 6.) *Page 4 
 II. ANALYSIS
Oregon allows a qualifying taxpayer to claim a refundable credit to partially offset the taxpayer's child care costs incurred when a taxpayer is working or attending school. ORS 315.262.[1] This credit is commonly referred as the working family child care credit. ORS 315.262 (2) provides in relevant part:
 "A qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS chapter 316
equal to the applicable percentage of the qualified taxpayer's child care expenses (rounded to the nearest $50)."
In addition to the working family child care credit, ORS 316.078 provides for a nonrefundable credit for certain employment-related expenses, including child care, paid by a taxpayer for the care of a dependant child or children. That credit is commonly referred by the short title "child care credit." Plaintiff claimed a working family child care credit and a child care credit. To receive either or both credits, a taxpayer must pay for child care. After requesting substantiation for the child care expenses paid by Plaintiff and receiving nothing that met its substantiation requirements, Defendant denied Plaintiff's claimed credits. Plaintiff appeals Defendant's denial.
The issue before the court is whether Plaintiff is entitled to claim a working family child care credit and child care credit based on his child care expenses. "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shallfall upon the party seeking affirmative relief." ORS 305.427 (emphasis added.) Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaeferv. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept.of Rev., 4 OTR 302 (1971)). *Page 5 
Plaintiff's evidence was his own testimony and copies of receipts issued by the child care provider. The printed receipt numbers were not sequential. The receipts were dated, signed, and provided detail as to the account amount, payment, and balance due. Defendant correctly noted that the amount stated on the "received from" line was the account balance, which for some months was not the same as the payment amount. There was no familial relationship between Plaintiff and the child care provider.
Plaintiff offered no additional evidence. Because Plaintiff paid his child care provider in cash, Plaintiff did not have canceled checks. Plaintiff testified that he did not have a bank account. The child care provider did not testify, and her testimony may not have been persuasive, given her contradictory signed statements and failure to file a personal income tax return.
Even though Defendant challenges the child care provider's statements and receipts, Defendant does not doubt that Plaintiff paid the child care provider to care for his two sons. The court agrees that Plaintiff paid child care expenses. Plaintiff's 2007 budget, prepared with the assistance of a licensed tax preparer, supports Plaintiff's testimony that he had sufficient financial resources to pay for his children's care. Further, the court does not agree that Plaintiff should be penalized for the child care provider's bookkeeping errors and poor recordkeeping. Plaintiff's sworn testimony and the nonconsecutive dated and signed receipts provide sufficient information to meet the statutory requirement of preponderance of evidence. Plaintiff cannot claim the 2008 cash payments, which totaled $70, as 2007 child care expenses. *Page 6 
 III. CONCLUSION
After careful consideration of the sworn testimony and evidence, the court concludes that Plaintiff met the standard of proof and is entitled to claim child care expenses in the amount of $3,645. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff is entitled to claim child care expenses in the amount of $3,645 on his 2007 Oregon state income tax return, and the working family child care credit and dependant child care credit are allowed based on total child care expenses of $3,645.
Dated this ____ day of May 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner on May12, 2009. The Court filed and entered this document on May 12, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.